UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X

ALLSTAR DEMOLITION CORP.,

                                    Plaintiff,

    vs.

                                                                                                                     Complaint

INTERIOR DEMOLITION CONTRACTORS         Jury Trial Demanded
ASSOCIATION, INC., ALL CITY INTERIOR
CONTRACTING, INC., ALLSTATE INTERIOR         06 CV 3635
DEMOLITION, INC., ATLANTIS CONTRACTING,       Hon. William H. Pauley, III
INC., BIG APPLE WRECKING & CONSTRUCTION,
BREEZE CARTING CORP., CALVIN MAINTENANCE,
INC., FRANK CALI, ANNA CASALINO, TOBY ROMANO,
LUANN PIECORA, JAMES MARRONE, RICK FLAMIO,
CASTLE DEMOLITION, CORP., DEGMOR, DIVERSIFIED
MANAGEMENT, INC., DIVERSIFIED CONSTRUCTION,
CORP., FORTUNE INTERIOR DISMANTLING, FREEDOM
DEMOLITION, INC., HAZARDOUS ELIMINATION, CORP.,
LIBERTY CONTRACTING, CORP., LJC DISMANTLING,
CORP., LVI ENVIRONMENTAL SVS., INC., MANHATTAN
DEMOLITION, CO., INC., METRO DEMOLITION
CONTRACTING, INC., NATIONAL ENVIRONMENTAL
SAFETY, MULTI RECYCLING, INC., PAR WRECKING,
CORP., PATRIOT CONTRACTING, CORP., PHASE I,
PLATINUM DISMANTLING, INC., R & M ENTERPRISES, INC.,
RITE-WAY INTERNAL REMOVAL, INC., SAFEWAY
ENVIRONMENTAL, CORP., SEASONS CONTRACTING, CORP.,
SEASONS INDUSTRIAL CONTRACTING, CORP., STATEWIDE
DEMOLITION, CORP., TITAN CONSTRUCTION GROUP, CORP.,
TOP LINE CONTRACTING, TRI-STATE DISMANTLING, CORP.,
US ENVIRONMENTAL, WALDORF CARTING, CORP.,

                                    Defendants.

------------------------------------------------------------------------------------X

Plaintiff ALLSTAR DEMOLITION CORP., ("ALLSTAR" or Plaintiff), by its attorneys **PALMIERI & CASTIGLIONE, LLP.,** by, Daniel J. Halloran, III, Esq., for its Complaint against Defendant INTERIOR DEMOLITION CONTRACTORS ASSOCIATION, INC. ("IDCA" or Defendant), et al., respectfully alleges as follows:

**Preliminary Statement**

1. This case arises out of a conspiracy among all defendants to restrain trade in the sale and service of Interior Demolition contracts, its markets, and customers, and to contain, restrain, or otherwise restrict membership in the Interior Demolition Contractors Association, Inc. (hereinafter "IDCA"), to the benefit of the members of the IDCA, and the detriment of the free-market. Plaintiff brings this action pursuant to § 1 and §2 of the Sherman Act, 15 U.S.C. §1 and §2, and §4 and §16 of the Clayton Act, 15 U.S.C. §15 and §26, and the Donnelly Act §1 and §2.

2. Plaintiff seeks herein to open access to the Trade Agreement between the Mason Tenders District Council and the Interior Demolition Contractors Association (see attached hereto Exhibit "A" hereinafter the "Trade Agreement"), made between the Mason Tenders District Council of Greater New York (hereinafter "MTDC") and the Interior Demolition Contractors Association, Inc., a trade association, which together have controlled exclusively such terms and relations since 1996. IDCA's efforts to control and manipulate that market to maintain its oligopoly is not based on superior workmanship or justification arising from the performance of interior demolition, nor is it shielded by any congressional grant of immunity.

3. The IDCA oligopoly is a continuation and exploitation of the vagueness and indefiniteness of its own By-Laws as they relate to the admission to membership, which is arbitrary, capricious, and vague (see attached hereto the IDCA BY-LAWS Exhibit "B"); all of which violate clearly established legal requirements for Trade Associations, and is to the detriment of non-member firms doing business in that market; the IDCA, must be subject to applicable Federal and state law which forbids IDCA's illegal, oligopolistic conduct.

4. In this Complaint, ALLSTAR DEMOLITION CORP. (hereinafter "ALLSTAR") seeks damages and extremely limited and narrowly tailored injunctive relief to compel IDCA to admit it to membership in the IDCA, or in the alternative, to allow ALLSTAR, to utilize and/or become parties to, the Collective Bargaining Agreement with the Mason Tenders Union related to Interior Demolition work, as covered by said agreement.

**Jurisdiction and Venue**

5. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1391(b) and (c) and 15 U.S.C. §§15, 22 and 26.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. §§15, 22, and 26. Defendants and their co-conspirators have committed acts in furtherance of the conspiracy in this District, each defendant has conducted business and/or maintained offices with this District, as have certain of defendants' co-conspirators, as identified in this Complaint.

## The Parties

7. Plaintiff ALLSTAR is a domestic corporation duly organized under the laws of the State of New York, with its principal place of business at 55-14 Grand Avenue, Maspeth, 11378, City and State of New York, County of Queens.

8. On information and belief, Defendant IDCA is a trade association and corporation duly organized under the laws of the State of New York, with its principal place of business at 250 West 57th Street, Suite 1020, New York, NY 10107 c/o Echtman & Etkind LLP.

9 During the period alleged in the Complaint, ALLSTAR sought admission as a member to the IDCA which application was denied by defendants. As a result of defendants' conspiracy, ALLSTAR has been injured in its business and property because the denial of such membership materially inflated the prices it must pay to engage union labor, and defendants and their co-conspirators through their collective bargaining agreements artificially raised contracts to anti-competitive levels.

10. Upon information and belief various individuals named as defendants in this action have participated as co-conspirators in the violations of law alleged in this complaint and have performed acts in furtherance thereof. Specifically, Frank Cali, Chairman and a member of the Board of Directors of the IDCA and President of defendant Liberty Contracting Corp., Anna Casalino, President and a member of the Board of Directors of the IDCA and President of defendant Castle Demolition Corp., Toby Romano, a member of the Board of Directors of the IDCA and President of defendant Breeze Carting Corp., Luann Piecora, a member of the Board of Directors of the IDCA and an officer of defendant Rite-Way Interior Removal, Inc., James Marrone, a member of the Board of Directors of the IDCA and an officer of defendant Calvin Maintenance Inc., and Rick Flamio, a member of the Board of Directors of the IDCA and an officer of defendant Tri--State Dismantling Corp acting as the committee reviewing and acting on applications for membership collectively denied ALLSTAR's application for membership thus limiting the membership of the IDCA to the benefit of the IDCA and its members and to the detriment of ALLSTAR.

11. Defendant Frank Cali, is a natural person over the age of 18, neither an infant nor incompetent, and a resident of the State of New York, with a principal place of business at 2531 94th Street, North Bergen, County of Bergen, State of New Jersey, who is the Chairman of the IDCA, and member of its board.

12. Defendant Anna Casalino, is a natural person over the age of 18, neither an infant nor incompetent, and a resident of the State of New York, with a principal place of business at 66-100 Long Island Expressway, Maspeth, County of Queens, State of New York, who is the President of the IDCA, and a member of its board.

13. Defendant Toby Romano, is a natural person over the age of 18, neither an infant nor incompetent, and a resident of the State of New York, with a principal place of business

at 31 Bay Street, Brooklyn, County of Richmond, State of New York, who is a member of the board of IDCA.

14.  Defendant Luann Piecora, is a natural person over the age of 18, neither an infant nor incompetent, and a resident of the State of New York, with a principal place of business at 64-05 34th Avenue, Woodside, County of Queens, State of New York, who is a member of the board of IDCA.

15.  Defendant James Marrone, is a natural person over the age of 18, neither an infant nor incompetent, and a resident of the State of New York, with a domicile at 240 Washington Street, Mt. Vernon, County of Westchester, State of New York, who is a member of the board of IDCA.

16.  Defendant Rick Flamio, is a natural person over the age of 18, neither an infant nor incompetent, and a resident of the State of New York, with a principal place of business at 207 Dupont Street, Brooklyn, County of Kings, State of New York, who is a member of the board of IDCA.

17. Defendant All-City Interior Contracting, Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 1174 Commerce Avenue, Bronx, County of the Bronx, State of New York, and is a member of the IDCA.

18.  Defendant Allstate Interior Demolition, Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 242 Randolph Street, Brooklyn, County of Kings, State of New York, and is a member of the IDCA.

19.  Defendant Atlantis Contracting, Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 3169 23rd Street, Astoria, County of Queens, State of New York, and is a member of the IDCA.

20.  Defendant Big Apple Wrecking & Construction, is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 1379 Commerce Avenue, Bronx, County of the Bronx, State of New York, and is a member of the IDCA.

21.  Defendant Breeze Carting Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 31 Bay Street, Brooklyn, County of Kings, State of New York, and is a member of the IDCA.

22.  Defendant Calvin Maintenance, Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 240 Washington Street, Mt. Vernon, County of Westchester, State of New York, and is a member of the IDCA.

23.  Defendant Castle Demolition Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 66-00 Long Island Expressway, Maspeth, County of Queen, State of New York, and is a member of the IDCA.

24. Defendant Degmor, is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 511 Canal Street, 3rd Floor, New York, County of New York, State of New York and is a member of the IDCA.

25. Defendant Diversified Management, Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 1940 Deer Park Avenue, #139, Deer Park, County of Suffolk, State of New York and is a member of the IDCA.

26. Defendant Diversified Construction Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 28 Garfield Avenue, Bay Shore, County of Suffolk, State of New York and is a member of the IDCA.

27. Defendant Fortune Interior Dismantling, is a domestic corporation, existing by virtue of the laws of the State of New Jersey, with corporate offices at 1034 Hudson Avenue, Ridgefield, County of Bergen, State of New Jersey and is a member of the IDCA.

28. Defendant Freedom Demolition Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 52-15 11th Street, Suite 10, Long Island City, County of Queen, State of New York and is a member of the IDCA.

29. Defendant Hazardous Elimination Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 195 H Central Avenue, Farmingdale, County of Nassau, State of New York and is a member of the IDCA.

30. Defendant Liberty Contracting Corp., is a domestic corporation, existing by virtue of the laws of the State of New Jersey, with corporate offices at 2531 94th Street, North Bergen, County of Bergen, State of New Jersey and is a member of the IDCA.

31. Defendant LJC Dismantling Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 415A Meachem Avenue, Elmont, County of Nassau, State of New York and is a member of the IDCA.

32. Defendant LVI Environmental Services, Inc., is a domestic corporation, existing by virtue of the laws of the State of New Jersey, with corporate offices at 462 Getty Avenue, Clifton, State of New Jersey and is a member of the IDCA.

33. Defendant Manhattan Demolition Co., Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 8-16 43rd Avenue, Long Island City, County of Queens, State of New York and is a member of the IDCA.

34. Defendant Metro Demolition Contracting, Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 5514 Grand Avenue, Maspeth, County of Queens, State of New York and is a member of the IDCA.

35.  Defendant NESC, is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 10-38 46th Road, Long Island City, County of Queens, State of New York and is a member of the IDCA.

36.  Defendant Multi Recycling Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 9614 Ditmas Avenue, Brooklyn, County of Kings, State of New York and is a member of the IDCA.

37.  Defendant PAR Wrecking Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 313 Spook Rock Road, Suffern, State of New York and is a member of the IDCA.

38.  Defendant Patriot Contracting Corp., is a domestic corporation, existing by virtue of the laws of the State of New Jersey, with corporate offices at 19-21 Brooke Street, Jersey City, State of New Jersey and is a member of the IDCA.

39.  Defendant Phase I, is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 63 Semon Road, Huntington, County of Suffolk, State of New York and is a member of the IDCA.

40.  Defendant Platinum Distributing, Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 52-15 11th Street, Ste. 12, Long Island City, County of Queens, State of New York and is a member of the IDCA.

41.  Defendant R&M Enterprises, Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 191 Seventh Avenue, Ste. 3E, New York, County of New York, State of New York and is a member of the IDCA.

42.  Defendant Rite-Way Internal Removal, Inc., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 64-05 34th Avenue, Woodside, County of Queens, State of New York and is a member of the IDCA.

43.  Defendant Safeway Environmental, Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 1379 Commerce Avenue, Bronx, County of Bronx, State of New York and is a member of the IDCA.

44.  Defendant Seasons Contracting Corp., is a domestic corporation, existing by virtue of the laws of the State of New Jersey, with corporate offices at 1000 Page Avenue, Lyndhurst, State of New Jersey and is a member of the IDCA.

45.  Defendant Season Industrial Contracting, Corp., is a domestic corporation, existing by virtue of the laws of State of New York, with corporate offices at 266 Green Valley Road, Staten Island, County of Richmond, State of New York and is a member of the IDCA.

46. Defendant Statewide Demolition Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 58-75 57th Road, Maspeth, County of Queens, State of New York and is a member of the IDCA.

47. Defendant Titan Construction Group Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices c/o Castle Interior Demo at 66-00 Long Island Expressway, Maspeth, County of Queens, State of New York and is a member of the IDCA.

48. Defendant Top Line Contracting is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 246 Seigel Street, Brooklyn, County of Kings, State of New York and is a member of the IDCA.

49. Defendant Tri-State Dismantling Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 207 Dupont Street, Brooklyn, County of Kings, State of New York and is a member of the IDCA.

50. Defendant US Environmental is a domestic corporation, existing by virtue of the laws of the State of New Jersey, with corporate offices at 365 River Drive, Garfield, County of Bergen, State of New Jersey and is a member of the IDCA.

51. Defendant Waldorf Carting Corp., is a domestic corporation, existing by virtue of the laws of the State of New York, with corporate offices at 240 Washington Street, Mt. Vernon, State of New York and is a member of the IDCA.

## Non-Party Co-Conspirators

52. On information and belief, IDCA has conspired and continues to conspire with a "stakeholder", specifically the Mason Tenders District Council of Greater New York (MTDC) and its constituent Local Union No. 79, a party to the Trade Agreement made with the IDCA Inc.. This non-party co-conspirator is referred to collectively herein as the "Stakeholder".

## Relevant Market

53. The Relevant Market for purposes of this Complaint is the market for Interior Demolition in the City of New York, and the contracts created therein for such work, by public, private, corporate, and quasi-governmental agencies, authorities, and entities. At present, Defendant IDCA holds an oligopoly position in the Interior Demolition Market and exercises oligopoly power with respect thereto.

**FACTUAL BACKGROUND**

54. The IDCA was formed in the 1996, and the plaintiff's president, Frank Gaudesi, was one of the signatory incorporators, when he was an officer of defendant Allstate Interior Demolition, Inc., currently a member of the IDCA. Guadesi is no longer affiliated with defendant Allstate Interior Demolition, Inc. The original purpose of the IDCA was to enable demolition contractors to readily and efficiently handle relationships with the MTDC and its constituent Local Union No. 79, the union representing demolition workers.

55. In 1996, the IDCA was formed as a Trade Association to negotiate, bargain, set standards, and represent the contractors who service the Interior Demolition market with the leadership of the Mason Tenders District Council, and its constituent local 79, the union which represents the workers in the Demolition labor force.

56. A trade association acts to improves such relations as may be had between labor and management, facilitate dialogue and fair employment terms, and act to ensure a safe workspace, by setting standards and goals that serve the interest of the labor field.

57. The IDCA was formed "To promote stable, just and harmonious industrial relations between its members and their employees; to negotiate, from time to time, basic agreements for its members covering wages, hours and other terms and conditions of employment and to enter into such agreements on behalf of such members with the representative or representatives of their employees which shall be deemed by the corporation to be appropriate for the purpose; to aid in the enforcement of such agreements at top levels between the members of the corporation and their employees; to secure the faithful observance by its members of all such agreements; to promote healthier, safer and better working methods; to collect and make available for the use of its members and others pertinent and useful information necessary or desirable in the carrying out of the foregoing purposes; and to engage in such other activities, including matters affecting the health and safety of employees, and such other activitiesas directed and approved by the Board of Directors or membership; and to do all acts as are necessary and convenient to the attainment of the activities and purposes herein set forth." (See attached hereto as Exhibit "A" the Incorporation of the IDCA).

58. The IDCA and the MTDC are the sole entities overseeing the establishment of all the Trade Agreements [see attached hereto and made a part hereof as Exhibit "B" the Agreements]. The MTDC itself sets the terms and conditions of the Independent Collective Bargaining Agreement (See attached hereto as Exhibit "C" hereinafter the "Independent Agreement") which sets less favorable terms governing, inter alia, interior demolition work for entities which are not members of the IDCA. Each agreement provides for a different level of benefits, classes of workers, and other restraints upon contractors, in their obligation to the Union, and thereby creates substantially different margins of profitability for contractors based on the requirements of each of the collective bargaining agreements, and which agreement the contractor operates under.

Needless to say, the members of the IDCA have the most profitable terms with the union and enjoy the widest flexibility and least burdensome requirements.

59. The current Trade Agreement between the MTDC, on the one hand, and the IDCA, on the other, is effective July 1, 2004 and runs for the period through and including June 30, 2009.

60. Upon information and belief, the terms of all such contracts and agreements are under the exclusive control of the IDCA through its position as the sole negotiating body with the constituent Union, the MTDC, in the crafting of all Collective Bargaining Agreements.

61. As originally executed, the IDCA-MTDC Agreement was made to secure fair work environments, wages, and benefits for demolition workers in the New York City area, and the IDCA was established to facilitate the formation of such agreements between contractors (as employers) and the unions as representatives of potential workers (employees). Although the IDCA is a not-for-profit entity, the constituent members are themselves contractors and thus profit from the control and regulation of the demolition market as their primary commercial enterprise.

62. The Master Trade Agreement sets the wages, benefits, hours, and conditions of work, as well as the ratio of the categories of laborer and their classes with the IDCA; the Independent Agreement similarly sets the wages, benefits, hours, and conditions of work, as well as the ratio of the categories of laborer and their classes, which are less advantageous to contractors who are not members of the IDCA and therefore gives the members of the IDCA a competitive advantage in securing contracts for interior demolition work.

63. On January 31, 2006, Frank Gaudisi, requested that his company, ALLSTAR Demolition, Corp., be considered for membership in the IDCA. On February 17, 2006 that request was denied in writing by counsel for the IDCA, (see attached hereto as Exhibit "D").

64. On March 10, 2006, ALLSTAR sent a letter to the IDCA requesting a clarification of the reasons for the denial, citing their experience in the industry and raising concerns about their ability to compete absent such membership, (see attached hereto as Exhibit "E").

65. On March 17, counsel for the IDCA indicated that they would reconsider the membership application, and treat the letter of 10 March as an appeal (see attached hereto as Exhibit "F").

66. April 5, 2006, IDCA, by its outside general counsel, David Etkind, Esq., informed ALLSTAR by telephone, that IDCA refused ALLSTAR's request for a review of its denial of membership in the IDCA.

67. Your affirmant's law firm demanded an explanation in writing for the refusal to admit ALLSTAR to the IDCA (see attached hereto as Exhibit "G ").

68. This firm received a formal written denial on April 12, 2006, essentially reiterating the substance of the prior letters, but devoid of any explanation, criteria analyzed, or basis for the refusal (see attached hereto the Denial latter- Exhibit "H").

69. Mr. Etkind, counsel for the IDCA, has repeatedly fail to state the criteria used by the IDCA in considering membership requests, has not cited any failings or shortcomings of ALLSTAR, or what membership criteria the applicant did not meet.

70. However, no such "criteria" are listed, described, or otherwise annunciated in the BY-LAWS of the IDCA nor are the specific criteria for membership evidenced by any written instrument provided to ALLSTAR by the IDCA (see attached hereto Exhibit "I" BYLAWS).

71. As discussed above and set forth in the Counts below, IDCA's refusal of ALLSTAR's request is in violation of both Federal and state antitrust laws, and ALLSTAR has been injured and continues to be injured thereby. Accordingly, the limited and narrowly tailored injunctive relief requested by ALLSTAR herein should be granted. In addition, ALLSTAR requests an award of damages (trebled) to its business as a direct and proximate result of IDCA's illegal conduct, as well as an award of costs and attorney fees incurred in seeking this relief.

## COUNT I
## Violation of Section 1 of the Sherman Act

72. Plaintiff ALLSTAR repeats and realleges paragraphs 1 through 71 above as if fully set forth below. As set forth in greater detail above, IDCA has conspired with the Stakeholders to preclude any competition in the Interior Demolition market. Such conspiracy directly and proximately injured and continues to injure ALLSTAR's business. The sole intent and effect of this conspiracy has been to erect barriers to entry, enforced by IDCA, to protect and perpetuate IDCA's oligopoly power and position in the Interior Demolition market. Thus, this conspiracy is an unlawful combination in restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. section 1, and has had and continues to have an effect on Interstate Commerce, and to the detriment of competition.

73. Accordingly, ALLSTAR requests that IDCA be ordered, pursuant to 15 U.S.C. section 26, to accept ALLSTAR's request for membership, or in the alternative, compel the IDCA to allow ALLSTAR to utilize the terms of the collective bargaining agreement with the union, and that ALLSTAR be awarded damages (to be trebled), including lost profits, which it has sustained and continues to sustain as a direct and proximate result of IDCA's illegal conspiracy in restraint of trade with the Stakeholders in an amount to be determined at trial, but not less than $3,000,000. In addition, pursuant to 15 U.S.C.

section 15, IDCA should be ordered to pay ALLSTAR's reasonable attorney's fees and costs in seeking the relief herein sought.

## COUNT II
## Violation of Section 2 of the Sherman Act

74. Plaintiff ALLSTAR repeats and realleges paragraphs 1 through 73 above as if fully set forth below. As alleged above, IDCA, on behalf of its members and in conjunction with the MTDC, holds oligopoly power in the Interior Demolition market, and exclusively controls the Collective Bargaining agreements, which are essential to gaining contracts in that market, to the exclusion of any possible competition. IDCA's denial of ALLSTAR's request is without justification, and in restraint of trade and against market competition. Such refusal violates Section 2 of the Sherman Act, 15 U.S.C. section 2, has had and continues to have an effect on Interstate Commerce, and ALLSTAR has been injured and continues to be injured thereby.

75. Accordingly, ALLSTAR requests that IDCA be ordered, pursuant to 15 U.S.C. section 26, to admit ALLSTAR, and that ALLSTAR be awarded damages (to be trebled), including lost profits, which it sustained and continues to sustain as a direct and proximate result of IDCA's illegal conduct described above in an amount to be determined at trial, but not less than $3,000,000. In addition, pursuant to 15 U.S.C. section 15, IDCA should be ordered to pay ALLSTAR's reasonable attorney's fees and costs in seeking the relief herein sought.

## COUNT III
## Violation of The Donnelly Act

76. Plaintiff ALLSTAR repeats and realleges paragraphs 1 through 75 above as if fully set forth below. As alleged above, the effect and result of IDCA's conduct complained of herein, including the conspiracy with the Stakeholders, has been to erect illegal barriers to entry in order to eliminate and preclude any competition in the Interior Demolition market, to artificially limit supply of contractors to consumers within the State of New York, and elsewhere, to artificially limit consumer choice, and to effectively preclude innovation in the Interior Demolition market. Such conduct is in violation of The Donnelly Act, New York Gen. Bus. Law sections 340 et seq. As a direct and proximate result of IDCA's illegal conduct complained of herein, ALLSTAR has sustained and continues to sustain damages, including lost profits, in an amount to be determined at trial, but not less than $3,000,000 and trebled according to law.

77. Accordingly, ALLSTAR requests that IDCA be ordered, pursuant to 15 U.S.C. section 26 and principles of New York common law, to added to the preferred Collective Bargaining Agreement, or in the alternative, granted membership in the IDCA, and as a proximate result of IDCA's illegal conduct described above, an award in an amount to be determined at trial, but not less than $3,000,000. In addition, pursuant to N.Y. Gen. Bus. Law section 340(5), the IDCA should be ordered to pay ALLSTAR's reasonable attorney's fees and costs in seeking the relief herein sought.

## COUNT IV
## Violation of Section 2 of the Sherman Act

78. Plaintiff ALLSTAR repeats and realleges paragraphs 1 through 77 above as if fully set forth below. As set forth in detail above, the conspiracy by and between IDCA and the Stakeholders is with the specific intent to create new oligopolies with respect to additional contractors in the Interior Demolition market, while at the same time protecting the IDCA oligopoly with respect to the IDCA constituent contractors. Because IDCA and the Stakeholders have attempted to cloak their attempted monopolization of with an air of authority, there is a dangerous probability that, absent the relief herein sought, IDCA and the Stakeholders may be successful in their efforts. This illegal attempted monopolization is in violation of Section 2 of the Sherman Act, 15 U.S.C. section 2, has had and continues to have an effect on Interstate Commerce, and ALLSTAR has been injured and continues to be injured thereby.

79. Accordingly, ALLSTAR requests that IDCA be ordered, pursuant to 15 U.S.C. section 26, to accept ALLSTAR in the IDCA or in the alternative to allow ALLSTAR to utilize the preferred Collective Bargaining Agreement and that ALLSTAR be awarded damages (to be trebled), including lost profits, which it sustained and continues to sustain as a direct and proximate result of the attempted monopolization by IDCA and the Stakeholders in an amount to be determined at trial, but not less than $3,000,000, and trebled according to law. In addition, pursuant to 15 U.S.C. sections 15, IDCA should be ordered to pay ALLSTAR's reasonable attorney's fees and costs in seeking the relief herein sought.

## COUNT V
## Preliminary Injunction

80. Plaintiff ALLSTAR repeats and realleges paragraphs 1 through 79 above as if fully set forth below. As set forth in Counts One through Four above, IDCA's refusal to allow ALLSTAR access to the IDCA, or its preferred collective Bargaining Agreement with the Mason Tenders District Council, is in violation of Sections 1 and 2 of the Sherman Act, and The Donnelly Act, New York Gen. Bus. Law sections 340 et seq. ALLSTAR has sustained and continues to sustain irreparable harm as a result of IDCA's illegal conduct. Because of the difficulty in measuring with precision the damages, including lost profits, which ALLSTAR has sustained and continues to sustain as a result of IDCA's illegal conduct, ALLSTAR has no adequate remedy at law.

81. In addition, the injunctive relief requested herein is also in the public interest in that such relief will greatly increase consumer choice and competitive pricing in the Interior Demolition market. Accordingly, ALLSTAR respectfully requests that IDCA be ordered, pursuant to 15 U.S.C. section 26 and principles of New York Common Law, by preliminary injunction to allow ALLSTAR to operate under the preferred collective bargaining agreement as outlined herein.

**WHEREFORE**, Plaintiff ALLSTAR DEMOLITION CORP., respectfully requests judgment:

1. Ordering Defendant IDCA to admit it to the IDCA, or in the alternative to permit ALLSTAR to utilize the terms of the Collective Bargaining Agreement, in the form annexed hereto as Exhibit "B";

2. Awarding ALLSTAR damages, including lost profits, which ALLSTAR has sustained and continues to sustain as a direct and proximate result of IDCA's illegal conduct described above in an amount to be determined at trial but not less than $3,000,000 and trebled according to law;

3. Awarding ALLSTAR its reasonable attorneys fees and costs in seeking the relief herein sought; and

4. Granting such other and further relief as is just and proper.

Dated:      Mineola, New York
            May 10, 2006

**PALMIERI & CASTIGLIONE, LLP**

By:_*Daniel J. Halloran, Esq*_____
    Daniel J. Halloran, III, Esq.  (DH4797)
    dhalloran@pcllp.com
    250 Mineola Blvd.
    Mineola, New York 11501
    (516) 248-9595 (phone)
    (516) 248-7897 (fax)